AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

| United States of America | ) |
|---|---|
| v. | ) Case No. |
|  | ) 17-MJ- 7171 |
| NEHEMIAH LAFOE | ) |
| *Defendant(s)* | ) |

FILED
SEP 26 2017
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 2-June 11, 2017__ in the county of __Vermilion__ in the __Central__ District of __Illinois__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Minor |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

s/Anthony L. Schuble

_____
*Complainant's signature*

Anthony L. Schuble, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

s/Eric I. Long

Date: 09/26/2017

_____
*Judge's signature*

City and state: Urbana, Illinois

Eric I. Long, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Anthony L. Schuble, having been first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), assigned to the Springfield, Illinois, Division. I have been employed as a Special Agent for the FBI since March 2017. As part of my duties, I investigate violations of federal law relating the online exploitation of children, including violations pertaining to the illegal possession, receipt, transmission, and production of material depicting the sexual exploitation of minors. Prior to becoming a Special Agent with the FBI, I was a Police Officer for the Athens-Clarke County Police Department in Athens, Georgia, for approximately thirteen years. During my tenure, I investigated various misdemeanor and felony violations of law, and was the affiant on numerous state search warrants.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of, and to make arrests for, child exploitation and child pornography offenses enumerated in Title 18, United States Code, Sections 2251, 2252 and 2252A *et seq*. As an FBI Special Agent, I am authorized to execute warrants issued under the authority of the United States.

3. The statements contained in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Since this affidavit is being submitted for the

1

limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only. I have set forth only the facts that I believe are necessary to establish probable cause that to believe that **Nehemiah LaFoe** committed violations of Title 18 United States Code, Sections 2251(a), 2252 and 2252A.

## RELEVANT STATUTORY OFFENSES

4.   This investigation concerns alleged violations of Title 18, U.S.C. § 2251, 2252 and 2252A relating to material involving the sexual exploitation of minors:

   a.   **Sexual Exploitation of a Child, Title 18, United States Code, Sections 2251(a):** This investigation concerns alleged violations of 18 U.S.C. § 2251(a), which prohibits any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to known that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. It is also a crime to attempt to commit this offense.

b. **Child Pornography Trafficking (18 U.S.C. § 2252):** This investigation concerns also alleged violations of **18 U.S.C. § 2252**, which generally prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct when such visual depiction was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such visual depiction was produced using materials that had traveled in interstate or foreign commerce. It is also a crime to attempt to commit this offense.

c. **Child Pornography Trafficking (18 U.S.C. § 2252A):** This investigation also concerns alleged violations of **18 U.S.C. § 2252A**, which generally prohibits a person from knowingly mailing, transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), when such child pornography was either mailed or shipped or transported in interstate or foreign commerce by any means, including by computer, or when such child pornography was produced using materials that had traveled in interstate or foreign commerce. It is also a crime to attempt to commit this offense.

## INVESTIGATION OF NEHEMIAH LAFOE

5. On August 17, 2017, FBI SAs Schuble and Joel Smith made contact with Vermilion County Sherriff's Department ("VCSD") Investigator (Inv.) Sean Jones. SA Schuble requested a copy of the VCSD investigative file[1] based on a report they received regarding suspected inappropriate contact between **Nehemiah Nolan Gene LaFoe**, also known as "Nemo", and minor female living in Vermilion County in the Central District of Illinois.

---

[1] The VCSD represented to me that the Vermilion County State's Attorney declined to prosecute this matter based on their belief that Minor Victim #1 would not be cooperative. I am not aware of any attempts to interview Minor Victim #1.

3

6. That same day, I attempted to contact J.C.[2], the grandmother of Minor Victim #1, and the complainant, at her residence, in Danville, Illinois. I made contact with S.C., the grandfather of Minor Victim #1[3], who told me that Minor Victim #1 had been sending photos of herself to LaFoe using a popular internet-based social networking platform. S.C. was concerned that LaFoe and Minor Victim #1 might be in a sexual relationship. LaFoe is 22 years old and his granddaughter, Minor Victim #1, is 15 years old. The family learned about this when Minor Victim #1's mother, A.L., logged into the social networking account she believed belonged to Minor Victim #1.

7. On August 24, 2017, I met with Inv. Jones at the VCSD, who provided the investigatory reports and related materials including his search warrant authorized by Fifth Judicial Circuit Court Judge T.M. O'Shaughnessy for two social networking accounts from January 1, 2017 through June 14, 2017 and two DVD+R's containing the search warrant results for these accounts. The first DVD+R contained the results for the social networking account for "Nemo LaFoe" (hereinafter referred to as the "Nemo" account). The second DVD+R contained the search warrant results for a social networking account attributable to Minor Victim #1 (hereinafter referred to as the "D." account). The Nemo account appears to be LaFoe's account according to Inv. Jones's review of the account and S.C's personal knowledge.

---

[2] To protect the identity of the minor involved in this case, the adults are not referred to by name and instead by their initials.

[3] Minor Victim #1 is a female minor born in June 2002. As a child victim, the victim is entitled to the privacy protections set forth in Title 18, United States Code, Section 3509. As a child victim, the victim is presumed to be a competent witness under federal law, 18 United States Code, Section 3509(c).

8. On August 28, 2017, I reviewed the Nemo DVD+R. On the DVD+R, I viewed 223 images, of which at least 32 were sexual in nature and were exchanged between Nemo and D.

9. There are multiple photos and conversations between Nemo and D. Below are some examples of their conversations and descriptions of some of the photos exchanged.

   a. On June 11, 2017, D. sent a photo of a young female in leopard print lace underwear to Nemo. In the photo the female appears to be standing on pink pajama bottoms with small white cartoon figures. In the background of the photo there is a white teddy bear on a bookshelf and a bed with a flower bed spread. The female's face was not visible in the photo.

   b. On June 11, 2017, D. sent a photo of a piece of paper to Nemo with six names on it. The names listed are Nehemiah LaFoe, I.L., M.L., N.F., M.R. and N.F. (which appear to include relatives of LaFoe). Below is the conversation that followed between D. and Nemo:

   D- "I found that n one of moms notebooks"

   D- "N I'm at Walmart"

   Nemo- "The lady should have mom's number to get ahold of us n I don't have money right now n ur mom is accusing me of raping u"

   Nemo- "What u with the our names"

   c. On June 8, 2017, Nemo sent D two photos of a hand on an erect penis. In the background of the image some clothing is visible including what

5

appears to be blue and white plaid boxer shorts and a gray and red zippered jacket. Below is an excerpt of the conversation that follows the erect penis photos between D and Nemo:

> D- "Damn Daddy I wanna come fuck you so badly"
>
> Nemo- "Yea same baby n I hopefully it's soon too"

d. On June 6, 2017[4], Nemo and D exchange several graphic photos:

> Nemo- "Where's my pictures baby"
>
> D- [sends a photo of a young girl laying on her stomach on a bed with her feet in the air looking into the camera.]
>
> Nemo- "Damn baby looking sexy like always"
>
> D- "Booty botty botty"
>
> Nemo- "Ur ass getting bigger baby"
>
> D- [sends a photo of person laying on their side, fetal position. This person is wearing what appears to be the same clothing of the previous photo from this conversation. The photo is of the lower back, butt and thighs]
>
> Nemo- "Fuckkk babygirl"
>
> D- "According to that pic I would say hell yeah"
>
> D- "Whattt"
>
> Nemo- "I eanna fuck ur ass baby"

---

[4] Based on my knowledge of Minor Victim #1's date of birth, she was 14 years old on June 6, 2017.

*Nemo- "Got anymore pics for me babgirl"*

*D- "I could get some what u want"*

*Nemo- "Pussy, boobs, panties, n any other pictures u wanna send Daddy babygirl*

*D- "IS someone hard or trying to get hard"*

*Nemo-* [sends a photo of an erect penis]

*D- "U trying to get hard then"*

*Nemo-* [sends another photo of an erect penis]

*Nemo- "Daddy is hard babygirl"*

*D- "Well it was hard to tell N the first pic"*

*Nemo- "U got me hard with ur booty pics baby"*

*Nemo- "Srry first one was a bad picture"*

*D-* [sends four photos depicting the lascivious exhibition of a female's genital area with dark short pubic hair being touched by a hand.]

*D-* [sends a photo of a lower back and butt where it appears the person is wearing the same clothes as in the first two photos from this conversation.]

*D-* [sends a photo of an exposed breast and nipple. Again the person appears to be wearing the same clothing.]

*Nemo- "Ur Pussy looks a lil wet baby"*

*D- "There ya go Daddy"*

7

e. On June 4, 2017, Nemo directs Minor Victim #1 to send him sexually graphic photos from her D. account:

> *Nemo- "Pussy Pic Babygirl"*
>
> *D- [sends a photo depicting the lascivious exhibition of a female's genital area including a hand pulling open the vagina.]*
>
> *Nemo- "I came baby"*
>
> *D- "Yayy baby"*
>
> *D- "What's wrong"*
>
> *Nemo- "I haven't seen ur hole that big since I left? unless u were just really pull back u pussy lips?"*

f. On June 2, 2017, Nemo exchanges in chat messages with D. which show that he saves the photos from D and that he believes they depict Minor Victim #1:

> *Nemo- "N I was looking at ur pussy pictures early baby n I found a picture of ur pussy when it was stretched out n I compared it to the new one u send me I gotta say I did a lot of damage to ur pussy to make it stretch out that much babygirl"*

g. In a June 8, 2017, chat message exchange, Nemo says that he retains the sexually graphic images he receives from D. and repeatedly views these images for his own sexual gratification:

> *D- "How many time have u got hard just looking at my oics face body n nudes"*

8

*Nemo- "How many times in one day babygirl"*

*Nemo- "All the time babygirl"*

10. On May 17, 2017, Nemo engages in a chat with Nikita Shelton, believed to be LaFoe's sister, wherein they discuss relatives getting married, engaging in sex with a 14 year old and the consequences of such conduct. At some point in the conversation a female, I believe to be Minor Victim #1, takes over the Nemo account. In this conversation, Nikita Shelton refers to this female by Minor Victim #1's actual name and Nemo as Nehemiah:

*Nikita Shelton- "Nemo. Is it [Minor Victim #1] She's the only girl in this world that you care about.*

*Nikita Shelton- "I won't say a word"*

*Nemo- "Let's say it is what would u do?"*

*Nikita Shelton- "I honestly have no idea. She's like 14. If something happened between you guys, you would go to jail if [A.L., Minor Victim #1's mother] found out."*

*Nikita Shelton- "I really don't't have a say in who you love, but it's completely illegal bub. In several ways."*

*Nikita Shelton- "She's not legal until 18, and even at that rate, you still can't be wed."*

*Nikita Shelton- "Say something."*

*Nemo- "U swear not to tell anyone"*

*Nikita Shelton- "Well duh"*

*Nikita Shelton- "Don't worry I'm not talking to mom about it either"*

*Nikita Shelton- "I just played it off"*

*Nemo- "How?"*

*Nikita Shelton- "lol I asked her if she got it out of you yet lol"*

*Nemo- "Okay if ur not gonna tell no one its her"*

*Nikita Shelton- "I figured it was. Nemo. You know that it cna't happen right? If you get caught, If she says anything at all. You will be a child molester. You will go to prison. And you'll be rapped, and beat there..."*

*Nemo- "Shes not gonna say anything n especially to [A.L.] with how [A.L.] treats her shes absolutely terrified of her shes terrified of everyone n ghat house but nobody will do anything to help her"*

*…*

*Nikita Shelton- "How are you going to explain this anyway? Are you sure you aren't confusing your feelings with just love for her as a [redacted][5], father figure, protector?"*

*…*

*Nemo- " Honestly I don't care what everyone thinks at this point we have been hiding this for a year or a little more[6]"*

*…*

*Nikita Shelton- "And she's got FOUR years til she's legal*

*Nemo- "3 years n a month"*

*…*

---

[5] Redacted to protect the identity of Minor Victim #1. 18 U.S.C. §3509(d).

[6] Based on this admission, Minor Victim #1 would have been 12 or 13 years old when the illegal sexual activity began.

*Nikita Shelton- "Have you guys had sex?"*

*Nemo- "Maybe a few times"*

11. On May 20, 2017, the following conversation occurs between Nemo and Nikita Shelton:

*Nemo- "What if i cant get a test with out [A.L.] knowing? Its [Minor Victim #1]*

*Nikita Shelton- [Minor Victim #1] If anyone finds out that you two have done this, Nehemiah will go to prison for the rest of his life. Where he will be molested, beat, he will be a child molester."*

12. I obtained a copy of Nehemiah LaFoe's Illinois driver's license/identification photo. I compared this driver's license/identification photo with the at least 30 photos that appear to be self-taken or "selfies" on the Nemo search warrant return. In comparing LaFoe's known image to the images from the Nemo search warrant return, I believe LaFoe to have dominion and control over the Nemo account.

13. On September 14, 2017, I showed several images retrieved from the Nemo search warrant return to J.C., Minor Victim#1's grandmother. She positively identified the female in the photos as Minor Victim #1, including the images described in paragraphs 9(a) and (d); she further identified the male as Nehemiah LaFoe. J.C. was also able to tell that several of the photos were taken at Minor Victim #1's residence in Vermilion County, in the Central District of Illinois.

14. The Nemo search warrant results contained IP addresses for various login dates for the user of this account. On September 19, 2017, Comcast communications

11

confirmed, pursuant to an FBI administrative subpoena, that the following IP addresses were assigned to I.L., a female relative of LaFoe, on the dates and times specified at LaFoe's residence:

a. 2601:801:c100:8402::7746 assigned on 6/7/2017 at 18:11:58 UTC and at 21:33:17 UTC,

b. 2601:801:c100:8402:35ea:dcf8:baa4:4de assigned on 6/2/2017 at 01:51:00 UTC and 3:00:11 UTC,

c. 68.45.87.208 assigned on 6/10/2017 at 19:59:06 UTC,

d. 2601:801:c100:8402:84bc:160c:839c:d80 assigned on 5/25/2017 at 19:01:50 UTC

e. 2601:801:c100:8402:5171:b8f0:c26e:f5aa assigned on 5/16/2017 at 22:57:03

Respectfully submitted,

s/Anthony L. Schuble

Anthony L. Schuble, Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this 26th day of September, 2017.
s/Eric I. Long

Eric I. Long
United States Magistrate Judge

12